Maris's Estate.

*Lucien B. Carpenter,* for remaindermen, exceptants.

*John V. Lovitt (Ballard, Spahr, Andrews & Ingersoll* with him), for life-tenants, exceptants, contra.

HENDERSON, J., Nov. 15, 1929.—Notwithstanding the able argument of counsel, a careful study of the record leads us to the conclusion that the Auditing Judge was right in holding that the direction in the will is void as an accumulation forbidden by the Act of April 18, 1853.

The further question that remains is to whom do these stock dividends belong? The aforesaid act provides that they shall go to such persons as would have been entitled if no accumulation had been directed. As this provision is in the residuary estate, it cannot fall therein, and, hence, must be awarded as in an intestacy. It is contended that because the will gives the widow all the income and as these stock dividends are income, they should be

awarded to her. This view overlooks the fact that the will segregates them from the income given to the widow. In Wentz's Estate, 12 D. & C. 398, this question was not argued or decided. See, however, Thistle's Estate, 263 Pa. 60, 68.

This void provision, being in the residuary clause, would ordinarily pass under the latter portion of section 15 *(c)* of the Wills Act of June 7, 1917, which provides as follows: "In any case where such devise or bequest, which shall fail or be void or shall be revoked as aforesaid, shall be contained in the residuary clause of such will, it shall pass to and be divided among the other residuary devisees or legatees, if any there be, in proportion to their respective interests in such residue."

In the residue of the instant case there are succeeding life estates and our problem would be to direct a division of the illegal accumulations "in proportion to their respective interests in the residue." The shares are of a different quality and are not exactly ascertained. The question is like that presented in McNulty's Estate, 29 Dist. R. 709, where we said: "This provision of the new act was clearly intended to abolish the common law rule criticised by the Supreme Court in Gray's Estate, 147 Pa. 67, that where the residuary estate is devised to or among a number of devisees, and the devise as to one or more of them lapses, or is avoided by some rule of law, or is revoked, an intestacy resulted as to that share under the former rule. The obvious intention of the act was to introduce the principle that in devises of this nature the void or revoked share is to be divided among the other residuary devisees in proportion to their respective interests. This contemplates the case where the residuary devisees are given aliquot shares in the residue, and not to a case like the present, where the devisees are respectively life-tenant and remainderman and thus given estates of a different quality."

We, therefore, conclude that this clause of section 15 *(c)* of the Wills Act has no application to the instant case and that the Auditing Judge was correct in awarding these illegal accumulations as in the case of an intestacy.

The exceptions are dismissed and the adjudication is confirmed absolutely.

LAMORELLE, P. J., did not sit.